IN THE SUPREME COURT OF THE STATE OF DELAWARE

CHARLES DUFFY, § 
§
  Defendant Below, § No. 412, 2020
  Appellant, §
§ Court Below - Superior Court
  v. § of the State of Delaware
§
STATE OF DELAWARE, § Cr. I.D. No. 84006719DI (S)
§
  Plaintiff Below, §
  Appellee. §

Submitted: January 19, 2021
Decided: January 25, 2021

Before **SEITZ**, Chief Justice; **TRAYNOR** and **MONTGOMERY-REEVES**, Justices.

# O R D E R

After consideration of the notice to show cause and the responses, it appears to the Court that:

(1) On December 2, 2020, the appellant, Charles Duffy, filed a notice of appeal from a Superior Court order denying a motion for sentence modification. The Superior Court order was dated October 29, 2020, and docketed on October 30, 2020. Under Supreme Court Rules 6 and 11, a timely notice of appeal should have been filed on or before November 30, 2020.

(2) On December 3, 2020, the Senior Court Clerk issued a notice directing Duffy to show cause why this appeal should not be dismissed as untimely filed. In

response to the notice to show cause, Duffy states that his efforts to file a notice of appeal were delayed because of restrictions imposed because of the COVID-19 pandemic have limited inmates' access to the prison law library. He also explains that he was unable to include certain documents, such as an inmate account statement and a copy of the order from which he sought to appeal, with his notice of appeal because of pandemic-related delays and restrictions. In response, the State observes that Duffy was able to file a timely notice of appeal in another case in September 2020, just a few months before.

(3)    Duffy's inability to include an inmate account statement or a copy of the order from which he sought to appeal is not a basis for reversal. This Court "affords *pro se* litigants a degree of leniency in filing documents on appeal."[1] But this Court lacks jurisdiction to consider an appeal when the notice of appeal is not timely filed, unless the appellant can demonstrate that the failure to file a timely notice of appeal is attributable to court-related personnel.[2] A notice of appeal must be received by the Court within the applicable time period to be effective.[3] Although this Court issued an order extending filing deadlines that expired between March 23, 2020 and June 30, 2020, due to the COVID-19 pandemic, the November 30, 2020, deadline for Duffy to file his notice of appeal was not affected by that order. Duffy

---

[1] *Beck v. Del. Attorney General*, 2018 WL 619708, at *1 (Del. Jan. 29, 2018).
[2] *Bey v. State*, 402 A.2d 362, 363 (Del. 1979).
[3] Del. Supr. Ct. R. 10(a).

has demonstrated his ability to file a timely notice of appeal during the pandemic, and the failure to file a timely appeal in this case is not attributable to court-related personnel.[4] Therefore, the appeal must be dismissed.

NOW, THEREFORE, IT IS ORDERED, under Supreme Court Rule 29(b), that the appeal is DISMISSED.

BY THE COURT:

*/s/ Tamika R. Montgomery-Reeves*
Justice

---

[4] *See Campbell v. State*, 2018 WL 500130 (Del. Jan. 19, 2018) (dismissing untimely appeal, where the appellant argued that three weeks elapsed before the prison law library notified him that the library did not have the forms to file an appeal and "two weeks passed before the Superior Court informed him that he had filed his notice of appeal in the wrong court and needed to file his notice of appeal in the Supreme Court"); *Johnson v. State*, 2006 WL 197180 (Del. Jan. 24, 2006) (holding that untimeliness of appeal was not attributable to court-related personnel where appellant argued that he had to wait several weeks before gaining access to the prison law library).